Charles REID, Appellant,

v.

UNITED STATES of America, Appellee.

Delma P. SHELTON, Appellant,

v.

UNITED STATES of America, Appellee.

George SETTLES, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 18002–18004.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 24, 1963.

Decided Nov. 21, 1963.

Petition for Rehearing En Banc Denied Jan. 10, 1964.

Petition for Rehearing by the Division Denied Jan. 10, 1964.

**656**

Messrs. Charles S. Vizzini, Washington, D. C., attorney for appellant in No. 18,002, and John Robert Ewers, Washington, D. C., attorney for appellant in No. 18,004, argued for all appellants. Mr. Owen E. Perry, Washington, D. C., was on the brief for appellant in No. 18,003. All counsel were appointed by this court.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WILBUR K. MILLER and MC-GOWAN, Circuit Judges.

## PER CURIAM.

The three appellants before us, named in one indictment for robbery, seek reversals of their convictions for reasons grounded in an asserted lack of effective representation by counsel prior to trial. The objections do not relate to any claimed deficiencies in the performance of counsel, but press rather the contention that counsel were not provided sufficiently early in the chain of proceedings leading to trial and conviction.

The record shows the following: Appellants, at their preliminary hearing on October 19, 1962 with respect to an offense charged to have occurred the same day, were represented by court-appointed counsel.[1] Held over to await action by the grand jury, an indictment was filed November 5, 1962. On the next day, November 6, orders were entered by the District Court granting motions for the appointment of counsel, and counsel were named in those orders. Although notification to two of such counsel was, due to inadvertence or miscarriage of the mails, not effected until after the arraignment on November 19, one of the appointed counsel[2] appeared at the arraignment, where pleas of not guilty were entered. In this latter connection, we note the unitary character of the indictment, the joint nature of the subsequent motions to dismiss for lack of counsel (at the argument of which only two of the counsel, by express arrangement with the third, appeared), and the statement of counsel in oral argument before us that these

1. The lawyer named in the record in this regard is not one of those later appointed by the District Court. Although it is represented by present counsel that his representation was restricted simply to an appearance at the preliminary hearing, the record shows nothing with respect to his activities other than the fact of his appointment and appearance at such hearing.

2. Because this lawyer was first apprised of his appointment by a telephone call during the afternoon of the day before the arraignment, it was asserted that the representation at arraignment was necessarily ineffective because of an inadequate opportunity to prepare. In this connection appellants point to the defenses and objections which Rule 12(b) (2) and (3), Fed.R.Crim.P., require to be raised before entry of a plea. However, there is no indication in the record that there were any such defenses and objections to be raised. Nor was there a subsequent attempt to obtain relief from the time requirements, as provided by Rule 12(b). Furthermore there is no indication that this lawyer was conscious of any handicap to his preparation, inasmuch as he made no request for a continuance of the arraignment proceedings.

cases had in substance been treated by counsel on a consolidated basis.

On this record we find no occasion to reverse the convictions because of the denial of the assistance of counsel. They are, accordingly,

Affirmed.

Bastian, Circuit Judge, dissented.